Missouri Courts

☐ The information available on Case.net is provided as a service and is not considered an official court record.

## 26JE-CC01056 - CHAD R. WOODCOCK VS. COLIN RUMPSA AND KANE HARRIS (E-CASE)

File Viewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences
Service Information | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

EXHIBIT
1

eFile on Case | **Respond to Selected Documents** | QuickFile

**Sort by date:** Descending Ascending

**Display options:** All Entries

**11/05/2026**

☐ **Entry of Appearance Filed**
Entry of Appearance for Bryon E. Hale and Lauren E. Stewart; Electronic Filing Certificate of Service.
**Filed By:** BRYON EARL HALE
**On Behalf Of:** COLIN RUMPSA,

**11/03/2026**

☐ **Notice**

**11/02/2026**

☐ **Entry of Appearance Filed**
Entry Of Appearance; Electronic Filing Certificate of Service.
**Filed By:** BLAKE DANIEL HILL
**On Behalf Of:** KANE HARRIS

**10/30/2026**

☐ **Order to Transfer**
ASSIGNED TO DIVISION FIVE, CAUSE SET FOR IN PERSON CMC ON 01-11-27 AT 11:00 A.M. (NOTE CASE MANAGEMENT CONFERENCE ORDER ON PAGE 3) SO ORDERED; VICTOR MELENBRINK, CIRCUIT JUDGE DIV. FIVE, PRESIDING JUDGE
**Filed By:** VICTOR JOSEPH MELENBRINK

☐ **Case Mgmt Conf Scheduled**
IN PERSON
**Scheduled For:** 01/11/2027; 11:00 AM; VICTOR JOSEPH MELENBRINK; Jefferson

☐ **Hearing/Trial Cancelled**
**Scheduled For:** 02/24/2027; 5:00 PM; VICTOR JOSEPH MELENBRINK; Jefferson

**10/29/2026**

☐ **Family Member/Roommate Served**
Document ID - 26-SMCC-2799; Served To - KANE HARRIS; Served Date - 10/20/2026; Served Time - 09:06:00; Service Type - SD; Reason Description - SERV; Service Text -SUBSTITUTE SERVICE - SUMMONS FOR KANE HARRIS LEFT WITH HEATHER MISSEY

Back

☐ **Summons Issued-Circuit**
Document ID: 26-SMCC-2800, for RUMPSA,, COLIN



☐ **Summons Issued-Circuit**
Document ID: 26-SMCC-2799, for HARRIS, KANE

☐ **Filing Info Sheet eFiling**

**Filed By:** JOHN DEREK JAMES

☐ **Confid Filing Info Sheet Filed**

Filing Information Sheet.

**Filed By:** JOHN DEREK JAMES

**On Behalf Of:** CHAD D. WOODCOCK

☐ **Pet Filed in Circuit Ct**

Civil Complaint.

**Filed By:** JOHN DEREK JAMES

**On Behalf Of:** CHAD D. WOODCOCK

Missouri Courts

The information available on Case.net is provided as a service and is not considered an official court record.

## 26JE-CC01056 - CHAD R. WOODCOCK VS. COLIN RUMPSA AND KANE HARRIS (E-CASE)

File Viewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences
Service Information | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

**Judge/Commissioner Assigned**
MELENBRINK, VICTOR JOSEPH
**Date Filed**
10/09/2026
**Location**
Jefferson
**Case Type**
CC Other Tort
**Disposition**
Not Disposed
**Financial Information**

Track This Case

Virtual Hearing Room

Back

## 26JE-CC01056 - CHAD R. WOODCOCK VS. COLIN RUMPSA AND KANE HARRIS (E-CASE)



**WOODCOCK, CHAD D. -** *Plaintiff*

**Address:** [redacted] EUREKA, MO 63025
**Year of Birth:** 1978

**Represented By**

**JAMES, JOHN DEREK** - *Attorney for Plaintiff*

**Address:** 14 RICHMOND CENTER COURT SAINT PETERS, MO 63376

**RUMPSA,, COLIN -** *Defendant*

**Address:** [redacted] ARNOLD, MO 63010

**Represented By**

**HALE, BRYON EARL** - *Attorney for Defendant*

**Address:** 211 NORTH 3RD STREET ST. CHARLES, MO 63301

**HARRIS, KANE -** *Defendant*

**Address:** JEFFERSON COUNTY SHERIFF'S OFF 400 1ST STREET HILLSBORO, MO 63050

**Represented By**

Back

**HILL, BLAKE DANIEL** - *Attorney for Defendant*

**Address:** HELLMICH, HILL & RETTER, LLC 1049 S. CLAY AVE. KIRKWOOD, MO 63122

MissouriCourts

☐ The information available on Case.net is provided as a service and is not considered an official court record.

**26JE-CC01056 - CHAD R. WOODCOCK VS. COLIN RUMPSA AND KANE HARRIS (E-CASE)**

File Viewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences

Service Information | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

Charge information is not available for the selected case.

Back

Missouri Courts

☐ The information available on Case.net is provided as a service and is not considered an official court record.

## 26JE-CC01056 - CHAD R. WOODCOCK VS. COLIN RUMPSA AND KANE HARRIS (E-CASE)

File Viewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences

Service Information | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

Further information may be available on the Docket Entries tab. Additionally, because service of process may establish legal obligations, you may want to examine the original case file in the clerk's office.

### Issuance

**Issued To**
RUMPSA,, COLIN
**Date Issued**
10/09/2026
**Due Date**
11/08/2026
**Document Issued**
Summons Civil Case-To Dft-Res
**Document ID**
26-SMCC-2800

**Return Information not yet on file**

### Issuance

**Issued To**
HARRIS, KANE
**Date Issued**
10/09/2026
**Due Date**
11/08/2026
**Document Issued**
Summons Civil Case-To Dft-Res
**Document ID**
26-SMCC-2799

**Return Information not yet on file**

Showing 1 to 2 of 2 entries

Previous 1 Next

Back

Missouri Courts

☐ The information available on Case.net is provided as a service and is not considered an official court record.

## 26JE-CC01056 - CHAD R. WOODCOCK VS. COLIN RUMPSA AND KANE HARRIS (E-CASE)

File Viewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences

Service Information | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

If an event is continued or cancelled, it will not appear in this search result.

Scheduled hearings and trials information is not available for the selected case.

Back

Missouri Courts

☐ The information available on Case.net is provided as a service and is not considered an official court record.

## 26JE-CC01056 - CHAD R. WOODCOCK VS. COLIN RUMPSA AND KANE HARRIS (E-CASE)

File Viewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences

Service Information | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

Civil Judgments is not available for the selected case.

Back

Missouri Courts

☐ The information available on Case.net is provided as a service and is not considered an official court record.

## 26JE-CC01056 - CHAD R. WOODCOCK VS. COLIN RUMPSA AND KANE HARRIS (E-CASE)

File Viewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences
Service Information | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

Garnishment information is not available for the selected case.

Back

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHAD D. WOODCOCK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: |
| | ) | Jury Trial Demanded |
| | ) | |
| Colin Rumpsa, in his individual capacity, and | ) | |
| Kane Harris, in his individual capacity | ) | |
| | ) | |
| Defendants. | ) | |

Serve Defendant Colin Rumpsa
at: [redacted]
Arnold, MO 63010

Serve Defendant Kane Harris
at: Jefferson County Sheriff's Office
400 1st Street
Hillsboro, MO 63050

**PETITION**

Plaintiff states:

**Venue, Jurisdiction, and Identity of Defendants**

1. All tortious acts and events described herein occurred in Jefferson County, Missouri.

2. At all times material to this action, Defendants Rumpsa and Harris were acting under color of State law.

3. At all relevant times described herein, Defendants Rumpsa and Harris were acting within the course and scope of their employment with the Jefferson County Sheriff's Department.

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

4. Plaintiff sues the individually named defendants in their individual capacity on all counts.

## FACTS

5. Prior to October 18, 2021, Plaintiff Chad Woodcock ("Chad") had on going issues with his neighbor regarding the property line between them.

6. On October 18, 2021, Chad observed that his neighbor had placed debris in Chad's yard.

7. The debris appeared to be placed to obstruct Chad's ability to mow his lawn.

8. Sometime later that evening, the neighbor returned home and Chad attempted to discuss the issue with the neighbor.

9. Chad's neighbor was in possession of a firearm at the time of this discussion.

10. The discussion became heated.

11. Chad told the neighbor something to the effect of "I don't care if you have a gun, you need to get the debris out of my yard."

12. Shortly thereafter, the neighbor left the neighborhood in his vehicle.

13. After the neighbor left, Chad's wife came out of their home to check on Chad.

14. As they stood in their yard, discussing the debris and the ongoing issues with their neighbor, Chad saw two Jefferson County Sheriff's Department vehicles approaching the neighborhood.

15. One of the vehicles was an SUV and that vehicle turned onto an adjacent road called Bruns Trail.

16. The other vehicle was parked at an electrically controlled gate at the entrance to Chad's neighborhood.

17. Chad told his wife he would go talk to them and that she should go back inside with their kids.

18. Chad then walked over 200 yards to the gate at the entrance to the neighborhood where the police vehicle was parked.

19. At the closed gate, Chad spoke to Defendant Harris.

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

20. Defendant Harris asked Chad to open the gate and come outside to talk.

21. Chad did not have the gate opener with him but provided the gate code to Defendant Harris so that Defendant Harris could open the gate.

22. Chad then walked through the gate to speak with Defendant Harris.

23. Chad began explaining what had happened to Defendant Harris and describing the property dispute with his neighbor.

24. At that time, Defendant Rumpsa arrived at the location where Chad was speaking to Defendant Harris.

25. As Defendant Rumpsa was approaching, Chad received a call from his neighbor that lived on Bruns Trail, which Chad answered.

26. Defendant Rumpsa called Chad a "prick," apparently upset that Chad had answered his phone while talking to law enforcement.

27. Plaintiff replied "Man, fuck you" to Defendant Rumpsa.

28. Defendant Rumpsa immediately told Chad that he was going to jail and grabbed Chad's arm.

29. Chad immediately told Defendant Rumpsa that he had had a shoulder surgery and to be careful with his arm.

30. At the time, Chad was also wearing a back brace that was easily seen.

31. Defendant Rumpsa had difficulty getting Chad's arms to be placed behind his back to be handcuffed and yelled for Chad to "stop resisting."

32. Chad was not resisting.

33. Chad told Defendant Rumpsa that his arm could not move in that manner because of his surgery.

34. Defendant Rumpsa then forcefully pulled Chad's arms behind his back, causing sharp pain in Chad's left shoulder.

35. Chad immediately believed Defendant Rumpsa's force had re-torn Chad's rotator cuff.

36. Chad asked what he was being arrested for.

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

37. Defendant Rumpsa told Chad that he was under arrest for "disorderly conduct."

38. Defendant Rumpsa directed Defendant Harris to place Chad into Defendant Harris' vehicle and to book Chad in the jail under Rumpsa's name.

39. Defendant Rumpsa continued to use derogatory language when referring to Chad.

40. Once in Defendant Harris' vehicle, Chad asked Defendant Harris if he was sure he wanted to continue with the arrest given that it was without any legal basis.

41. Chad also requested Defendant Harris allow him to speak to a supervisor.

42. Defendant Harris informed Chad that Defendant Rumpsa was the supervisor.

43. Chad requested to speak with Defendant Rumpsa's supervisor.

44. Defendant Harris exited his patrol car to speak with Defendant Rumpsa.

45. Defendant Rumpsa continued to yell.

46. Defendant Harris returned to the patrol car and told Chad that he had been directed to take Chad to jail.

47. During transport, the handcuffs were excessively tight.

48. Chad experienced severe pain from the handcuffs, part of his thumb began to feel numb, and his hands began to swell.

49. Upon information and belief, Defendant Rumpsa had not "double locked" the handcuffs, resulting in the handcuffs becoming progressively tighter on his wrists.

50. Chad's shoulder remained extremely painful.

51. Chad continually told Defendant Harris about the pain he was in.

52. Defendant Harris said he would pull over to address Chad's pain when it was safe.

53. Despite his claim of merely looking for a place that was "safe" to pull over, Defendant Harris passed a well-lit gas station.

54. A short time later, Defendant Harris pulled over into an unlit, vacant parking lot.

55. Defendant Rumpsa pulled alongside Defendant Harris' vehicle and asked if assistance was needed.

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

56. Defendant Rumpsa left after Defendant Harris declined assistance.

57. Defendant Harris then removed the handcuffs, which had become so tight that Defendant Harris had difficulty releasing them.

58. Defendant Harris then re-cuffed Chad using multiple pairs of handcuffs to accommodate Chad's injured shoulder.

59. Chad repeatedly requested medical attention.

60. Once at the jail, Chad was held for a short time before being released on his own recognizance.

61. On or about October 15, 2021, approximately three days before his arrest, Chad had attended his last scheduled physical therapy session regarding his recovery from his prior shoulder surgery.

62. Chad had a previously scheduled follow-up appointment regarding his shoulder with his treating physician on October 19, 2021, the day after his arrest.

63. Chad's shoulder had made good progress prior to his arrest.

64. After his arrest, Chad's shoulder had lost all the progress made prior to his arrest.

65. Later that week, an MRI confirmed that Chad's rotator cuff had been re-torn, necessitating additional surgery and prolonged physical therapy, which was lengthier and more painful than his previous physical therapy.

66. Months later, an MRI revealed that surgical screws had loosened and lodged in the surrounding tissue, requiring yet another surgical procedure on his shoulder.

67. While fighting the charge of peace disturbance in court, Chad received a copy of Defendant Rumpsa's police report.

68. Defendant Rumpsa's police report contained numerous falsehoods and/or lies about the events surrounding Chad's arrest.

69. Among the lies and/or falsehoods in Defendant Rumpsa's police report, Defendant Rumpsa falsely claimed:

   a. That Chad had "Violent Tendencies"
   b. That Chad was "an alcoholic"
   c. That Chad was "slobbering" during his encounter with the Defendants
   d. That Chad's clothing was "messy and dirty"

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

e. That Chad had been "irrational" and "threatening" during his encounter with the Defendants
f. That Chad was "standing in the middle of the [road] yelling vulgarities and creating a disturbance, causing passing vehicles to stop and stare."
g. That Chad was "swaying back and forth fumbling with his phone."
h. That Chad was avoiding answering Deputy Harris' questions and slurring his words when he spoke.
i. That Chad ignored questions posed by Defendant Rumpsa
j. That Defendant Rumpsa told Chad he was under arrest before Chad said "Fuck you" to Defendant Rumpsa.

70. Eventually, Chad was acquitted of the charged offense of peace disturbance after a bench trial.

**Count I**
**Fourth Amendment Violation, Unreasonable Seizure, pursuant to 42 U.S.C. § 1983**
(Defendant Rumpsa, in his individual capacity)

71. Plaintiff re-asserts the allegations of paragraphs 1-70 and incorporates them herein as though fully re-stated.

72. Citizens, including Plaintiff, are protected from unreasonable seizures of their person by the Fourth Amendment to the United States Constitution.

73. The touchstone for determining if a seizure was reasonable under the Fourth Amendment is whether the seizure was supported by probable cause.

74. Chad's arrest by Defendant Rumpsa was made without probable cause, or arguable probable cause, that Chad had violated the law in any respect.

75. No reasonable officer in Defendant Rumpsa's shoes could have believed probable cause existed to arrest Plaintiff under the totality of the circumstances.

76. As a direct and proximate result of Defendant's actions and Defendant's unlawful arrest of Plaintiff, Plaintiff was damaged.

77. Plaintiff's damages include:
a. Unlawful arrest
b. Humiliation
c. Physical pain
d. Attorney's fees
e. Emotional distress
f. Serious and permanent injuries to his shoulder and hand.
g. Medical bills

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

**Count II**
**Fourth Amendment Violation, Excessive Force, pursuant to 42 U.S.C. § 1983**
(Defendant Rumpsa, in his individual capacity)

78. Plaintiff re-asserts the allegations of paragraphs 1-77 and incorporates them herein as though fully re-stated.

79. Defendant Rumpsa's use of force constituted a "seizure" under the Fourth Amendment to the United States Constitution.

80. Plaintiff did not resist his arrest in any manner.

81. As Defendant Rumpsa began to handcuff Plaintiff, Plaintiff informed Defendant of his injured shoulder and his physical inability to move in the manner Defendant Rumpsa demanded.

82. Knowing of Plaintiff's injury, and while experiencing Plaintiff's arm being unable to reach fully behind his back, Defendant Rumpsa forcefully jerked Plaintiff's arm behind his back in a manner that Plaintiff's body was not physically able to do without serious injury.

83. Plaintiff was purportedly arrested for the municipal ordinance violation of "peace disturbance," a non-violent, "quasi-criminal" offense under Missouri law.

84. Plaintiff was not a threat to anyone at any time during his interaction with Defendants.

85. The amount of force used by Defendant Rumpsa to affect Plaintiff's arrest by forcing Plaintiff's arms/shoulder to move in a manner they were not physically capable of moving was objectively unreasonable under the particular facts and circumstances confronting him.

86. As a direct and proximate result of the Defendant's use of excessive force as described in Count II, Plaintiff suffered damages as described above in Count I and incorporated herein by reference.

**Count III**
**Fourth Amendment Violation, Excessive Force, pursuant to 42 U.S.C. § 1983**
(Defendant Rumpsa, in his individual capacity)

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

87. Plaintiff re-asserts the allegations of paragraphs 1-86 and incorporates them herein as though fully re-stated.

88. Defendant Rumpsa's use of force constituted a "seizure" under the Fourth Amendment to the United States Constitution.

89. Plaintiff did not resist his arrest in any manner.

90. Plaintiff was purportedly arrested for the municipal ordinance violation of "peace disturbance," a non-violent, "quasi-criminal" offense under Missouri law.

91. Plaintiff was not a threat to anyone at any time during his interaction with Defendants.

92. Despite these facts, Defendant Rumpsa excessively tightened the handcuffs on Plaintiff's wrists in a dangerous and unnecessary fashion and/or failed to "double lock" the handcuffs, allowing them to become progressively tighter on Plaintiff's wrists.

93. Defendant Rumpsa tightened the handcuffs on Plaintiff to such an extreme as to cause permanent neurological damage.

94. Defendant Rumpsa's use of force in over-tightening the handcuffs on Plaintiff was objectively unreasonable.

95. As a direct and proximate result of the Defendant's use of excessive force as described in Count III, Plaintiff suffered damages.

96. Plaintiff's damages include:
    a. Emotional distress
    b. Physical Pain
    c. Serious and permanent injuries wrist and hand.
    d. Medical bills

**Count IV**
**First Amendment Violation, Retaliatory Arrest, pursuant to 42 U.S.C § 1983**
(Defendant Rumpsa in his individual capacity)

97. Plaintiff re-asserts the allegations of paragraphs 1-96 and incorporates them herein as though fully re-stated.

98. Citizens, including Plaintiff, have a right to free speech under the First Amendment to the United States Constitution.

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

99. The Plaintiff's right to free speech includes the right to criticize law enforcement officers, even with profanity.

100. Defendant Rumpsa called Plaintiff a "prick."

101. Plaintiff responded by saying "Man, fuck you," or words to that effect.

102. Defendant Rumpsa then immediately arrested Plaintiff and told Plaintiff he was going to jail.

103. Plaintiff had committed no crime and had not been alleged to have committed any crime.

104. Defendant Rumpsa did not have probable cause to arrest Plaintiff.

105. Defendant Rumpsa did not have arguable probable cause to arrest Plaintiff.

106. The nature of the call Defendant Rumpsa had been dispatched to was merely to "keep the peace."

107. The call Defendant Rumpsa responded to did not indicate a crime had been committed by anyone.

108. Plaintiff's telling Defendant Rumpsa "fuck you," was, in whole or in part, the motivating factor in Defendant Rumpsa's decision to arrest Plaintiff.

109. Plaintiff was not only arrested in response to his constitutionally protected speech; Plaintiff was also subjected to excessive force in response to, and because of, his constitutionally protected speech, as described in Counts II and III.

110. The adverse actions of arrest and excessive force taken against Plaintiff would chill a person of ordinary firmness from continuing in such constitutionally protected speech

111. As a direct and proximate result of the retaliatory arrest and use of excessive force against Plaintiff in response to, and motivated by, his constitutionally protected activity, Plaintiff suffered damages as described above in Count I and incorporated herein by reference.

## Count V
## Fourth Amendment Violation, Unreasonable Seizure, pursuant to 42 U.S.C. § 1983
(Defendant Harris, in his individual capacity)

112. Plaintiff reasserts the allegations of paragraphs 1-111 and incorporates them herein as though fully re-stated.

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

113. Defendant Harris's assistance in the arrest and transportation of Plaintiff to jail constitutes a "seizure" under the Fourth Amendment to the United States Constitution.

114. Defendant Harris's transportation of Plaintiff to jail physically moved Plaintiff from one place to another against his will.

115. Defendant Harris was present during the entire interaction between Plaintiff and law enforcement.

116. Defendant Harris had actual knowledge that the arrest of Plaintiff was unlawful, lacked probable cause, and lacked even "arguable" probable cause that Plaintiff had committed any crime.

117. Defendant Harris had actual knowledge that the arrest of Plaintiff was made in retaliation for the exercise of Plaintiff's rights to free speech.

118. Defendant Harris did not reasonably rely on the arresting officer's probable cause determination.

119. No reasonable officer could have believed probable cause or arguable probable cause existed to arrest Plaintiff.

120. Both Defendants were fully aware of the illegality of the arrest and chose to make the arrest anyway.

121. As a direct and proximate result of Defendant Harris' participation in the arrest and ongoing detention of Plaintiff, Plaintiff suffered damages.

122. Plaintiff's damages include:

a. Emotional distress
b. Humiliation
c. Physical Pain
d. Unlawful arrest

**Count VI**
**Negligent Use of Force, Missouri State Law Claim**
(Defendant Rumpsa)

123. Plaintiff re-asserts the allegations of paragraphs 1-122 and incorporates them herein as though fully re-stated.

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

124. Defendant Rumpsa owed Plaintiff a duty of care to use only objectively reasonable force in arresting him.

125. Defendant Rumpsa breached that duty by using objectively unreasonable and excessive force to arrest Plaintiff by forcefully pulling and jerking Plaintiff's arms as described in Count II and incorporated herein as though fully re-stated.

126. Defendant Rumpsa's use of excessive force in arresting Plaintiff directly and proximately caused Plaintiff to be damaged.

127. As a direct and proximate result of the Defendant's use of excessive force during Plaintiff's arrest, Plaintiff suffered damages as described above in Count I and incorporated herein by reference.

128. Plaintiff did not resist his arrest in any manner.

129. Defendant Rumpsa's use of force during the arrest of Plaintiff was more than was reasonably necessary to accomplish the arrest.

130. Defendant Rumpsa was subjectively aware that the force used was unreasonable.

131. Although the determination of what level of force is reasonably required to make an arrest is a "discretionary" act; the level of force Defendant Rumpsa used was motivated by actual malice.

132. Defendant Rumpsa acted in bad faith in using excessive force against Plaintiff.

133. A person of reasonable intelligence would have known that the amount of force used to arrest Plaintiff under the circumstances presented would be contrary to Defendant Rumpsa's duty to make arrests by using only an objectively reasonable amount of force.

134. Defendant Rumpsa wantonly disregarded his duty in using excessive force while arresting Plaintiff.

135. Defendant Rumpsa intended the excessive force to be prejudicial or injurious to Plaintiff in that he knew Plaintiff was injured and he forcefully jerked and pulled Plaintiff's arm to cause Plaintiff pain or injury.

136. Defendant Rumpsa knowingly violated his duty, the law, and Plaintiff's constitutional rights as retribution for Plaintiff saying "Fuck you" to Defendant Rumpsa.

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

137. As a direct and proximate result of the Defendant's use of excessive force against Plaintiff, Plaintiff suffered damages as described above in Count I and incorporated herein by reference.

**Count VII**
**Negligent Use of Force, Missouri State Law Claim**
(Defendant Rumpsa)

138. Plaintiff re-asserts the allegations of paragraphs 1-137 and incorporates them herein as though fully re-stated.

139. Defendant Rumpsa owed Plaintiff a duty of care to use only objectively reasonable force in arresting him.

140. Defendant Rumpsa breached that duty by using objectively unreasonable and excessive force to arrest Plaintiff as described in Count III and incorporated herein as though fully re-stated.

141. Defendant Rumpsa use of excessive force in arresting Plaintiff directly and proximately caused Plaintiff to be damaged.

142. As a direct and proximate result of the Defendant's use of excessive force during Plaintiff's arrest, Plaintiff suffered damages as described above in Count III and incorporated herein by reference.

143. Plaintiff did not resist his arrest in any manner.

144. Defendant Rumpsa's use of force during the arrest of Plaintiff was more than was reasonably necessary to accomplish the arrest.

145. Defendant Rumpsa was subjectively aware that the force used was unreasonable.

146. Although the determination of what level of force is reasonably required to make an arrest is a "discretionary" act; the level of force Defendant Rumpsa used against Plaintiff motivated by actual malice.

147. Defendant Rumpsa acted in bad faith in using excessive force against Plaintiff.

148. A person of reasonable intelligence would have known that the amount of force used to arrest Plaintiff under the circumstances presented would be contrary to Defendant Rumpsa's duty to make arrests by using only an objectively reasonable amount of force.

Electronically Filed - Jefferson - October 09, 2026 - 10:36 AM

149. Defendant Rumpsa wantonly disregarded his duty in using excessive force while arresting Plaintiff.

150. Defendant Rumpsa intended the excessive force to be prejudicial or injurious to Plaintiff in that he over-tightened the handcuffs on Plaintiff and/or failed to "double-lock" the handcuffs in a manner that would cause unnecessary pain or injury.

151. Defendant Rumpsa knowingly violated his duty, the law, and Plaintiff's constitutional rights as retribution for Plaintiff saying "Fuck you" to Defendant Rumpsa.

152. As a direct and proximate result of the Defendant's use of excessive force against Plaintiff, Plaintiff suffered damages as described above in Count III and incorporated herein by reference.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and reasonable amount more than $25,000, for court costs, attorney's fees pursuant to 42 U.S.C. § 1988, and for all other such orders as are fair and reasonable.

/s/ John D. James
John D. James #MO61070
Attorney for Plaintiff
14 Richmond Center Court
St. Peters, Missouri 63376
(636) 397-2411 Fax: (636) 397-2799
cjlaw@charliejames.com
john@charliejames.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to all counsel of record.

/s/ John D. James
John D. James #61070

# Summons in Civil Case

IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>EDWARD LOUIS PAGE | **Case Number: 26JE-CC01056** | |
| Plaintiff/Petitioner:<br>CHAD D. WOODCOCK<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN DEREK JAMES<br>14 RICHMOND CENTER COURT<br>SAINT PETERS, MO 63376 | |
| Defendant/Respondent:<br>COLIN RUMPSA, | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp for Return) |

**The State of Missouri to:** **KANE HARRIS**
**Alias:**
**JEFFERSON COUNTY SHERIFF'S OFF**
**400 1ST STREET**
**HILLSBORO, MO 63050**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***JEFFERSON COUNTY***

09-OCT-2026
Date

MICHAEL E. REUTER, CIRCUIT CLERK BY: s/S. PRICHARD, DEPUTY CLERK
Clerk

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

__________________________________ (name) ______________________ (title).

☐ other: ______________________________________________________________.

Served at ________________________________________________________ (address)

in ________________________ (County/City of St. Louis), MO, on _______________ (date)

at __________ (time).

______________________________ Printed Name of Officer or Server

______________________________ Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ Date ______________________ Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# Summons in Civil Case

IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>EDWARD LOUIS PAGE | **Case Number: 26JE-CC01056** | |
| Plaintiff/Petitioner:<br>CHAD D. WOODCOCK<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN DEREK JAMES<br>14 RICHMOND CENTER COURT<br>SAINT PETERS, MO 63376 | |
| Defendant/Respondent:<br>COLIN RUMPSA, | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to: COLIN RUMPSA,**
**Alias:**
[redacted]
**ARNOLD, MO 63010**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***JEFFERSON COUNTY***

| Date | Clerk |
|---|---|
| 09-OCT-2026 | MICHAEL E. REUTER, CIRCUIT CLERK BY: s/S. PRICHARD, DEPUTY CLERK |

**Further Information:**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________________________.

Served at ______________________________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ____________________ (date)

at ______________ (time).

______________________________ ______________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ______________________________ (date).

*(Seal)*

My commission expires: ____________________ ______________________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

FILED
OCT 30 2026
MICHAEL E. REUTER
CIRCUIT CLERK

| CASE ID | CASE DESCRIPTION | INITIATION DATE |
|---|---|---|
| 26JE-CC00923 | REBECCA MAY V. DESTANY MCDANIEL | 9/1/2026 |
| 26JE-CC00924 | VELOCITY INVESTMENTS, LLC V. SAMUEL RACHAS | 9/2/2026 |
| 26JE-CC00926 | JP MORGAN CHASE BANK, N.A. V ANDREA PAUL | 9/1/2026 |
| 26JE-CC00928 | GEORGE COMBS V SHANNON MURPHY | 9/2/2026 |
| 26JE-CC00930 | ROGER KNIGHT V EMILIEE BEQUETTE | 9/3/2026 |
| 26JE-CC00932 | ERNEST KLEIER V. WILLIAM MCDANIEL | 9/3/2026 |
| 26JE-CC00933 | JOYCE PARKS-DAY V. ELDERCARE OF MID-MISSOURI IV, | 9/3/2026 |
| 26JE-CC00934 | PNC BANK, N.A. VS NATHAN KITCHEN | 9/4/2026 |
| 26JE-CC00939 | TERESA JO WEISS V. JUSTIN MEYER ET AL | 9/4/2026 |
| 26JE-CC00940 | MACLIN V. WATERCOLOR VILLAS, LP, ET AL. | 9/4/2026 |
| 26JE-CC00941 | JEWEL BUCCERI ET AL V. ALLSTATE INSURANCE COMPANY | 9/7/2026 |
| 26JE-CC00945 | BRENDA EDWARDS V CHRISTIAN HICKS | 9/8/2026 |
| 26JE-CC00946 | KENNETH H. UTZ, ET AL. V. CHLOE E. HOWARD | 9/8/2026 |
| 26JE-CC00947 | JANE DOE V. PRIDE OF ILLINOIS CHEERLEADING, ET AL. | 9/8/2026 |
| 26JE-CC00948 | BEVERY CRAIN V SHANNON MITCHELL | 9/8/2026 |
| 26JE-CC00949 | CAMERON MANNING VS. AUTO EMPIRE 1 LLC | 9/8/2026 |
| 26JE-CC00955 | COMMERCIAL KITCHEN VS 104 W COLLEGE LLC | 9/9/2026 |
| 26JE-CC00957 | JAMES CHYLIK V. GENA WRIGHT | 9/10/2026 |
| 26JE-CC00958 | EDWARD DROPE V WILLIAM DARIN COMBS | 9/10/2026 |
| 26JE-CC00959 | DAWN SHARP V MHZA ONE | 9/10/2026 |
| 26JE-CC00963 | PENNYMAC LOAN SERVICES, LLC V JOHN P CONNOR ET AL | 9/10/2026 |
| 26JE-CC00968 | TRIAD FINANCIAL SERVICES, INC AS V BONNIE A SMITH | 9/11/2026 |
| 26JE-CC00969 | ROUSSIN V. DUPONT DE NEMOURS. INC., ET AL. | 9/14/2026 |
| 26JE-CC00970 | KARON WACHTER V. QUAD PROPERTY GROUP, LLC, ET AL. | 9/14/2026 |
| 26JE-CC00973 | TIMMY L. BENNETT, ETC VS AMANDA BENNETT GUILLAMS | 9/15/2026 |
| 26JE-CC00975 | HUNTINGTON GLEN HOMEOWNER V MIDOAMEHA KOMBEY ET AL | 9/14/2026 |
| 26JE-CC00976 | HUNTINGTON GLEN HOMEOWNERS A V MUTAFA SULTAN ET AL | 9/14/2026 |
| 26JE-CC00977 | HUNTINGTON GLEN HOMEOWNERS ASSOC V SEBOM KIM ET AL | 9/14/2026 |
| 26JE-CC00978 | U.S. BANK NATIONAL ASSOCIATION D/B/A ELAN FINANCIA | 9/15/2026 |
| 26JE-CC00982 | KRISTOFFER BOZADA V AMBER TYLER | 9/16/2026 |
| 26JE-CC00984 | BOYER BUILDING & DESIGN, INC. | 9/18/2026 |
| 26JE-CC00987 | RICHARD WICKER VS. THOMAS SKAGGS AND LOU BUDKE'S | 9/21/2026 |
| 26JE-CC00988 | RICHARD WICKER VS. BRIAN LAW | 9/21/2026 |
| 26JE-CC00990 | KRISTINA FELDHUES V PARKVIEW APARTMENTS, LLC ET AL | 9/21/2026 |
| 26JE-CC00991 | CITY OF PEVELY V ARDAGH GLASS INC | 9/21/2026 |
| 26JE-CC00992 | U.S. BANK NATIONAL ASSOCIATION V. KATHLEEN S. THOR | 9/21/2026 |
| 26JE-CC00994 | ZIPPY LOANS, LLC VS PATRICK BURNESON, ET AL. | 9/22/2026 |
| 26JE-CC00996 | LAUREN KRAMER V. AMBER REPPERT | 9/22/2026 |
| 26JE-CC00997 | ELIZABETH BURKE V NICHOLAS E BRAMMEIER | 9/17/2026 |
| 26JE-CC00998 | GABRIEL LEONOR V DANIEL GASTREICH, ET AL | 9/23/2026 |
| 26JE-CC00999 | GUNNISON PROPERTIES LLC V REALNESS-ESTATE LLC ETAL | 9/23/2026 |
| 26JE-CC01000 | GUNNISON PROPERTIES LLC V LAURA ANN WALD ETAL | 9/23/2026 |
| 26JE-CC01008 | WINTER V. JIM FALK MOTORS, INC. | 9/26/2026 |
| 26JE-CC01009 | CAPITAL ONE NA VS JOSEPH R MURDICK JR | 9/27/2026 |
| 26JE-CC01011 | SHAWN GREEVES, LLC V. DANIEL BAUMHOFF, LLC | 9/28/2026 |
| 26JE-CC01015 | BART MASSIE V. ABOUT PLUMBING & QUEE'SHAWN PRATER | 9/29/2026 |
| 26JE-CC01017 | SELMA LANGFORD V. WILLIAM REICHARDT | 9/29/2026 |
| 26JE-CC01022 | STATE OF MISSOURI V ALLEN T. OLDCROFT | 9/30/2026 |
| 26JE-CC01023 | JASON BROUK V. JOHN'S AUTO BODY & PAINT, INC | 9/30/2026 |
| 26JE-CC01024 | GRACE MCCLURE V. JENNIFER WESTBROOK ET AL. | 9/30/2026 |

| | | |
|---|---|---|
| 26JE-CC01025 | TERRY STANFIELD V CUSTOM MACHINE WORKS, L.L.C. | 9/30/2026 |
| 26JE-CC01028 | PROGRESSIVE ADVANCED IC VS THELMA WITTU | 10/1/2026 |
| 26JE-CC01029 | RACHEL DETTLEFF-SCHMIDT V MISSOURI DIRECTOR OF REV | 10/1/2026 |
| 26JE-CC01030 | ALEXANDER J. SCHWENT V. ARBAVADA CHIROPRACTIC & WE | 10/1/2026 |
| 26JE-CC01031 | AMANDA LAWSON V. CITY OF ARNOLD, MISSOURI | 10/1/2026 |
| 26JE-CC01041 | DAVID R FLESHMAN V IDEAL RECOVERY LLC | 10/2/2026 |
| 26JE-CC01042 | REBECCA TONEY V. CHRISTIAN HIRT AND AMBRIA HIRT | 10/5/2026 |
| 26JE-CC01043 | TRENT SEARS V. MAKENZI ALLEN | 10/5/2026 |
| 26JE-CC01044 | MIDWEST BANKCENTRE VS RAYMOND & DENISE BARTON | 10/6/2026 |
| 26JE-CC01047 | TRAVIS FORSHEE V. HOLESHOTS, LLC, ET AL | 10/6/2026 |
| 26JE-CC01048 | CHRISTINA FERGUSON-MORGAN V WALMART, INC. | 10/6/2026 |
| 26JE-CC01050 | TAMMY HETLING V. JESSICA BREWER | 10/7/2026 |
| 26JE-CC01051 | GLOBAL LENDING SERVICES LLC V LISA MARLOW | 10/7/2026 |
| 26JE-CC01054 | BEDROCK CAPITAL 2025 LLC V PATRECIA BOLHOFNER ETAL | 10/8/2026 |
| 26JE-CC01055 | SARAH PORTER V. BRIDGITTE BAKER | 10/9/2026 |
| 26JE-CC01056 | CHAD R. WOODCOCK VS. COLIN RUMPSA AND KANE HARRIS | 10/9/2026 |
| 26JE-CC01058 | COURT FAIRVIEW MHP, LLC V JEFF BAYBROOK, RUTH MCKI | 10/12/2026 |
| 26JE-CC01060 | ONITY MORTGAGE CORPORATION V KRISTINA A GLOVER | 10/12/2026 |
| 26JE-CC01061 | MICHAEL R. SCHMIDT VS. MAKENZEE T. WILLHELM | 10/12/2026 |
| 26JE-CC01067 | ROBERT LABBEE V. FRANK MASSEY, ET AL. | 10/13/2026 |
| 26JE-CC01068 | PINGLE EXCHANGER SERVICES V CRYSALIS BIOSCIENCES | 10/13/2026 |
| 26JE-CC01069 | AMERICAN EXPRESS NATIONAL BANK VS JOHN CRANDALL | 10/14/2026 |
| 26JE-CC01070 | LVNV FUNDING LLC V BAJRAMA KARALIC | 10/14/2026 |
| 26JE-CC01071 | MARIA C. HENKE V. SHERIFF DEPT ET AL | 10/14/2026 |
| 26JE-CC01074 | BANK OF AMERICA, N.A. VS. CASSANDRA J WILLARD | 10/15/2026 |
| 26JE-CC01076 | REHAB CONSTRUCTION V. ELVEDIN DUKIC | 10/16/2026 |
| 26JE-CC01077 | LAWRENCE V. GREAT DAY IMPROVEMENTS, LLC | 10/16/2026 |
| 26JE-CC01081 | TRACY TRAUX V. TAYLOR PACKAGING CORPORATION | 10/16/2026 |
| 26JE-CC01083 | BROOKSHIRE VILLAGE MO, LLC V. RICHARD ARTER, CYNTH | 10/19/2026 |
| 26JE-CC01084 | MICHELE L. OESTRICKER ET AL V. ANN K. RICHARDS ETA | 10/19/2026 |
| 26JE-CC01085 | NEWREZ LLC V. BRUCE E. VAN MIERLO, ET AL. | 10/19/2026 |
| 26JE-CC01089 | ALYSSA SMITH V. CHRISTOPHER RAY | 10/19/2026 |
| 26JE-CC01090 | JOSHUA AND LAURIE SCHMIDT V. CHRISTINA CODY | 10/20/2026 |
| 26JE-CC01091 | DARNELLE JOHNSON V. VIRGINIA MEYER | 10/20/2026 |
| 26JE-CC01092 | CAREY MCIVER ET AL V TONY A BEKEMEIER | 10/20/2026 |
| 26JE-CC01093 | JEFF SCHMIDT VS FESTUS RETAIL MANAGEMENT LLC | 10/20/2026 |
| 26JE-CC01094 | FOREST FARMS AND HOMES LLC VS RICHARD SCHNARR | 10/20/2026 |
| 26JE-CC01095 | FOREST FARMS AND HOMES LLC VS JOSEPH WILLIAM THENN | 10/20/2026 |
| 26JE-CC01096 | FOREST FARMS AND HOMES LLC VS JOSEPH J. FILIPIAK | 10/20/2026 |
| 26JE-CC01098 | PATRICK HUGHES V. MICHELLE MARTINEZ ET AL | 10/21/2026 |
| 26JE-CC01099 | TOGETHER CREDIT UNION V JAMES PALMER | 10/21/2026 |
| 26JE-CC01100 | IAN A. MEGGARREY V. HSC HOMES, LLC DBA HOMESOURCE | 10/21/2026 |
| 26JE-CC01101 | LESLIE GREGORY V CITY OF ARNOLD POLICE DEPARTMENT | 10/21/2026 |
| 26JE-CC01102 | PLANET HOME LENDING V AIDAN K JONES, ET. AL. | 10/21/2026 |
| 26JE-CC01104 | PLAINTIFFS VS DEFENDANT | 10/22/2026 |
| 26JE-CC01107 | RYAN FREEMAN AND ASHLEY FREEMAN VS TULIP INVESTMEN | 10/22/2026 |
| 26JE-CC01108 | TOM TRIPLETT, ET AL V. MIDWEST AQUATIC SUPPLIERS | 10/22/2026 |

The above cases are ordered transferred to Div 5. Set on 1/11/2027 at 11am for CMC.



IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| ______________________, Plaintiff | ) | |
| | ) | |
| | ) | ______________________ |
| v. | ) | |
| | ) | Division 5 |
| ______________________, | ) | |
| Defendant | ) | |

**CASE MANAGEMENT CONFERENCE SETTING ORDER**

The above case has been set for a Case Management Conference on ______________.

Each attorney and their client shall attend the Conference and be prepared to discuss the merits of the case with a view toward early disposition of the case as well as make commitments on schedule dates and other matters which may arise.

The attorney should be prepared to discuss the following:

- Settlement Prospects.
- Mediation or other Alternative Dispute Resolution.
- Joinder of Additional Parties.
- Amendment of the Pleadings.
- Designation of Expert Witnesses.
- Completion of Discovery.
- Filing of Dispositive Motions.
- Pre-trial Conference and Trial Dates.
- Any other issues which require input or action by the Court.

So Ordered:

Oct 20, 2026, 12:51 pm **J5**

______________________________
Victor J. Melenbrink, Circuit Judge, Div. 5

Electronically Filed - JEFFERSON - November 02, 2026 - 06:26 PM

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

CHAD WOODCOCK,

Plaintiff,

v.

COLIN RUMPSA, in his individual capacity,
and
KANE HARRIS, in his individual capacity,

Defendants.

Cause No. 26JE-CC01056

## ENTRY OF APPEARANCE

Blake D. Hill of Hellmich, Hill & Retter, LLC hereby enters his appearance on behalf of separate defendant Kane Harris.

Respectfully submitted,

HELLMICH, HILL & RETTER, LLC

*/s/ Blake D. Hill*

Blake D. Hill #58926MO
1049 North Clay Avenue
Kirkwood, MO 63122
314-646-1110 – Phone
314-646-1122 – Fax
blake@hellmichhillretter.com
*Attorney for Defendant Kane Harris*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed via the court's electronic filing system, this 2nd day of November, 2026, to all counsel of record.

*/s/ Blake D. Hill*

# NOTICE OF ENTRY

(SUPREME COURT RULE 74.03)

In The 23rd Judicial Circuit Court, Jefferson County, Missouri

P O BOX 100, 300 MAIN ST, HILLSBORO, MISSOURI 63050

**CHAD R. WOODCOCK VS. COLIN RUMPSA AND KANE HARRIS** **CASE NO: 26JE-CC01056**

To: File

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| Filing Date | Description |
|---|---|
| 30-Oct-2026 | Hearing/Trial Cancelled<br>Scheduled For: 24-Feb-2027 05:00 PM; VICTOR JOSEPH MELENBRINK; Division 2 Courtroom; Jefferson<br>Event Location: P O Box 100, 300 Main St, Hillsboro, Mo |
| | Case Mgmt Conf Scheduled<br>IN PERSON<br>Scheduled For: 11-Jan-2027 11:00 AM; VICTOR JOSEPH MELENBRINK; Division 5 Courtroom; Jefferson<br>Event Location: P O Box 100, 300 Main St, Hillsboro, Mo |
| | Order to Transfer<br>ASSIGNED TO DIVISION FIVE, CAUSE SET FOR IN PERSON CMC ON 01-11-27 AT 11:00 A.M. (NOTE CASE MANAGEMENT CONFERENCE ORDER ON PAGE 3) SO ORDERED; VICTOR MELENBRINK, CIRCUIT JUDGE DIV. FIVE, PRESIDING JUDGE<br>Filed By:VICTOR JOSEPH MELENBRINK |

______________________________

Clerk of Court

CC: File
COLIN RUMPSA,
KANE HARRIS

ECC:

Date Printed : 03-Nov-2026

# NOTICE OF ENTRY

(SUPREME COURT RULE 74.03)

In The 23rd Judicial Circuit Court, Jefferson County, Missouri

P O BOX 100, 300 MAIN ST, HILLSBORO, MISSOURI 63050

**CHAD R. WOODCOCK VS. COLIN RUMPSA AND KANE HARRIS** **CASE NO: 26JE-CC01056**

To: COLIN RUMPSA,
[redacted]
ARNOLD MO 63010

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| **Filing Date** | **Description** |
| --- | --- |
| 30-Oct-2026 | Hearing/Trial Cancelled<br>Scheduled For: 24-Feb-2027 05:00 PM; VICTOR JOSEPH MELENBRINK; Division 2 Courtroom; Jefferson<br>Event Location: P O Box 100, 300 Main St, Hillsboro, Mo |
| | Case Mgmt Conf Scheduled<br>IN PERSON<br>Scheduled For: 11-Jan-2027 11:00 AM; VICTOR JOSEPH MELENBRINK; Division 5 Courtroom; Jefferson<br>Event Location: P O Box 100, 300 Main St, Hillsboro, Mo |
| | Order to Transfer<br>ASSIGNED TO DIVISION FIVE, CAUSE SET FOR IN PERSON CMC ON 01-11-27 AT 11:00 A.M. (NOTE CASE MANAGEMENT CONFERENCE ORDER ON PAGE 3) SO ORDERED; VICTOR MELENBRINK, CIRCUIT JUDGE DIV. FIVE, PRESIDING JUDGE<br>Filed By:VICTOR JOSEPH MELENBRINK |

______________________________
Clerk of Court

CC: File
COLIN RUMPSA,
KANE HARRIS
ECC:

Date Printed : 03-Nov-2026

# NOTICE OF ENTRY

(SUPREME COURT RULE 74.03)

In The 23rd Judicial Circuit Court, Jefferson County, Missouri

P O BOX 100, 300 MAIN ST, HILLSBORO, MISSOURI 63050

**CHAD R. WOODCOCK VS. COLIN RUMPSA AND KANE HARRIS** **CASE NO: 26JE-CC01056**

To: KANE HARRIS
JEFFERSON COUNTY SHERIFF'S OFF
400 1ST STREET
HILLSBORO MO 63050

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| **Filing Date** | **Description** |
|---|---|
| 30-Oct-2026 | Hearing/Trial Cancelled<br>Scheduled For: 24-Feb-2027 05:00 PM; VICTOR JOSEPH MELENBRINK; Division 2 Courtroom; Jefferson<br>Event Location: P O Box 100, 300 Main St, Hillsboro, Mo<br><br>Case Mgmt Conf Scheduled<br>IN PERSON<br>Scheduled For: 11-Jan-2027 11:00 AM; VICTOR JOSEPH MELENBRINK; Division 5 Courtroom; Jefferson<br>Event Location: P O Box 100, 300 Main St, Hillsboro, Mo<br><br>Order to Transfer<br>ASSIGNED TO DIVISION FIVE, CAUSE SET FOR IN PERSON CMC ON 01-11-27 AT 11:00 A.M. (NOTE CASE MANAGEMENT CONFERENCE ORDER ON PAGE 3) SO ORDERED; VICTOR MELENBRINK, CIRCUIT JUDGE DIV. FIVE, PRESIDING JUDGE<br>Filed By:VICTOR JOSEPH MELENBRINK |

Clerk of Court

CC: File
COLIN RUMPSA,
KANE HARRIS

ECC:

Date Printed : 03-Nov-2026

Electronically Filed - JEFFERSON - November 05, 2026 - 10:45 AM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| CHAD D. WOODCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 26JE-CC01056 |
| v. | ) | |
| | ) | |
| COLIN RUMPSA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

COME NOW Bryon E. Hale and Lauren E. Stewart, of the law firm of Barklage, Brett & Hamill, P.C., and hereby enter their appearance on behalf of Defendant Colin Rumpsa in the above-captioned matter.

**BARKLAGE, BRETT & HAMILL, P.C.**

BY: *\/s/ Bryon E. Hale*

BRYON E. HALE, #64883
LAUREN E. STEWART, #77204
211 North Third Street
St. Charles, MO 63301
Telephone (636) 949-2120
Facsimile (636) 949-8786
bhale@barklage-brett.com
lstewart@barklage-brett.com

*Attorneys for Defendant Colin Rumpsa*

Electronically Filed - JEFFERSON - November 05, 2026 - 10:45 AM

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served electronically upon all counsel of record on this 5th day of November, 2026.

*/s/ Bryon E. Hale*